[No. 15504.  Department One.  December 5, 1919.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent,* v.
OTTO MUELLER *et al., Appellants.*[1]

PUBLIC LANDS (42) — RAILROAD GRANTS — INDEMNITY AND LIEU
LANDS—OPTIONAL RELINQUISHMENT.  The railroad company's relin-
quishment and selection of lieu lands, when the extension of the
public survey discloses that settlers are occupying odd sections
granted to the company, is entirely optional with the company, under
the Wilson act, 30 Stat. at Large 620.

Appeal from a judgment of the superior court for
King county, Frater, J., entered November 27, 1918,
upon findings in favor of the plaintiff, in an action in
ejectment, tried to the court.  Affirmed.

*L. C. Stevenson* and *Harry J. Kuen,* for appellants.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for
respondent.

MACKINTOSH, J. — The Northern Pacific Railway
Company brought this action of ejectment against the
appellants to recover possession of a portion of sec-
tion 7, township 23 north, range 9, east, located in
King county, the property being a portion of the place
lands given to the respondent under the act of Con-
gress of July 2, 1864, which provided that every odd
section of land within certain limits on either side of
the line of the railroad was granted to it in aid of the
construction of the road.  The appellants settled upon
the land in controversy in March, 1905, which was at
a time long subsequent to the definite location and con-
struction of the Northern Pacific Railroad.  In 1905,
this section was unsurveyed.  In 1910, the government
made a survey of the section in controversy, and on
May 7, 1915, the United States duly conveyed and

[1]Reported in 185 Pac. 630.

patented the land to the Northern Pacific Railway Company. Subsequent to the government survey, the homestead claim theretofore filed upon the land by the appellants, after due hearing by the land department of the United States, was rejected for the reason that the land lay within an odd-numbered section, and the appellants' homestead claims were cancelled shortly prior to the issuance of the patent to the respondent.

The appellants contend that, having gone upon the land in good faith and made valuable improvements thereon, they, in equity and good conscience, are entitled to protection against the railway company's action to eject them, and that, under a proper interpretation of the acts of Congress relating to the grant to the Northern Pacific Railway Company and the amendments to the original act, including the act of July 1, 1898 (30 Stats. at Large 620), known as the Northern Pacific Adjustment Act, or, more familiarly, as the Wilson Act, the Northern Pacific Railway Company should not be allowed to take this land in place, but should be compelled to select lieu land therefor. An attractive argument is made in this behalf by the appellants; but, the case presenting a question which has already been squarely passed upon by both the Interior department and this court, and titles having been established in accordance with those opinions, we are not now at liberty to disturb what has thus become a rule of property. The Interior department, in the case of *Northern Pac. R. Co. v. Violette*, 36 Land Dec. 182, determined that settlers going upon unsurveyed government land subsequent to the passage of the Wilson Act could not, when it later became established through government surveys that they had settled upon odd sections, compel the selection by the railroad company of lieu lands, the department hold-

ing that, as to settlers subsequent to the passage of the Wilson Act, the railroad company's right of relinquishment was purely optional. The case of *Cameron v. Lyen,* decided by this court in 57 Wash. 384, 106 Pac. 1111, was a case where the defendants had made their settlements in the year 1900, and, within the time prescribed by law and the rules of the land department, offered a filing, which had been refused. In 1903, the lands were surveyed and found to fall within an odd-numbered section; and after the survey, the department, without notice of the defendants' claim, passed the land to patent upon the application of the railway company. Under those facts, which are substantially identical with those in the case at bar, this court said:

"We are cautioned that no court should follow the rule of the department where it conflicts with the equities of the settler. The equities of the settler depend, like the rights of the grantees of the company, upon the act of Congress, and so long as the rules, practice, and decisions of the department accord with the act as we interpret it, and finding no authority to the contrary, we feel bound to give department rulings such weight as they are entitled to. We hold the relinquishment on the part of the company was optional."

Upon the strength of that decision, the judgment of the lower court must be affirmed, and it is so ordered.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.